**Heino BASTYS, as Administrator of the Estate of Jonas Bastys, Plaintiff–Appellant,**

v.

**Alan H. ROTHSCHILD; Rothschild, Himmelfarb, Sher, Pearl & Giacomo; Norman D. Himmelfarb; Michael A. Sher; Michael L. Pearl; and M. Theresa Giacomo, Defendants–Third–Party Plaintiffs–Appellees**

**W. Whitfield Wells Third–Party Defendant**

**Eli Fine and Heino Bastys Third–Party Defendants–Cross–Claimants–Cross–Defendants**

Klara Jensen Bastys Third–
Party Defendant.

No. 04–5504–CV.

United States Court of Appeals,
Second Circuit.

Nov. 16, 2005.

W. Robert Curtis, Curtis & Associates,
P.C., New York, New York, for Appellants.

Ronald W. Weiner, Steinberg & Cavaliere, L.L.P., White Plains, New York, for
Appellees.

Present: MESKILL, NEWMAN, and
RAGGI, Circuit Judges.

## AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the
district court, dated September 13, 2004, is
hereby AFFIRMED.

Plaintiff-appellant Heino Bastys, as administrator of the estate of his father, Jonas Bastys, appeals an award of summary
judgment entered in favor of defendant-appellee Alan H. Rothschild on a claim of
legal malpractice. Bastys specifically chal-

lenges the district court's conclusion that the malpractice claim was (1) barred by the statute of limitations and (2) unsupported by admissible evidence. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

We review an award of summary judgment *de novo, see Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 204 (2d Cir.2004), and will affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief," *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (alterations in original) (internal quotations and citations omitted).

### 1. *Statute of Limitations*

The parties agree that, in this diversity action, plaintiff's malpractice claim is subject to New York's three-year statute of limitations. *See* N.Y. C.P.L.R. § 214; *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir.1998) ("[A] federal court sitting in New York must apply the New York ... statutes of limitations."). Under New York law, a malpractice action accrues "when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court." *McCoy v. Feinman*, 99 N.Y.2d 295, 301, 755 N.Y.S.2d 693, 697, 785 N.E.2d 714 (2002) (internal citations omitted); *see Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166, 726 N.Y.S.2d 365, 367, 750 N.E.2d 67 (2001) (noting importance of when malpractice was committed, not when client discovers it). Because plaintiff filed suit on July 15, 1997, the malpractice claim would have had to have accrued on or after July 15, 1994, to be timely. In fact, the alleged acts of malpractice all occurred well before that date. Rothschild's loss of Jonas Bastys's prenuptial agreement nec-

essarily occurred sometime before May 1991, when the defendant reported the loss to his client. Similarly, Rothschild's purportedly negligent advice with respect to Jonas Bastys's divorce settlement and his failure to obtain a waiver of insurance trust from Bastys's ex-wife at the time of settlement necessarily occurred on or before the signing of the couple's divorce stipulation in March 1994.

■ Plaintiff does not dispute these dates on appeal. Rather, he faults the district court for failing to recognize that the three-year statute of limitations was tolled in his case by operation of the "continuous representation" doctrine. *Shumsky v. Eisenstein*, 96 N.Y.2d at 167–68, 726 N.Y.S.2d at 368, 750 N.E.2d 67. The argument is without merit. New York's continuous representation doctrine does not apply to a client's "continuing *general* relationship with a lawyer." *Id.* at 168, 726 N.Y.S.2d at 368, 750 N.E.2d 67 (emphasis added). Rather, it tolls the statute of limitations "only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice." *Id.* at 168, 726 N.Y.S.2d at 369, 750 N.E.2d 67. That is not this case. While the record shows that Rothschild continued to provide Jonas Bastys with estate planning advice into the limitations period, plaintiff has failed to demonstrate that any advice rendered after July 15, 1994, "pertain[ed] specifically" to the matters that are the subject of the malpractice claim. *Id.*

Accordingly, we conclude that the malpractice claim was properly dismissed as untimely.

### 2. *Lack of Evidentiary Support*

■ Because we conclude that plaintiff's malpractice claim was untimely, we need not discuss at length his challenge to the district court's alternative conclusion that

Rothschild was entitled to an award of summary judgment on the merits. We note simply that, to the extent plaintiff's evidentiary showing was insufficient because the district court, relying on Fed. R.Civ.P. 37(c) and 26(a)(2)(B), precluded him from submitting undisclosed expert witness submissions to oppose summary judgment, we find no abuse of discretion. *See Wolak v. Spucci,* 217 F.3d 157, 161 (2d Cir.2000); *see also Reilly v. Natwest Markets Grp., Inc.,* 181 F.3d 253, 268 (2d Cir. 1999). As the district court recognized, the remedy of preclusion should be used sparingly. Nevertheless, where the court had emphatically ordered that *all* discovery, including expert discovery, was to conclude by a specified date; where the court had extended that date on several occasions; where the plaintiff, nevertheless, failed to identify any experts within the specified time and failed to articulate a reasonable explanation for its negligence in the district court; and where excusing the belated disclosure would prejudice the defendants who had, as a consequence of plaintiff's failure to identify experts, not retained any of their own, the district court acted within its discretion in refusing to consider the expert submissions in ruling on the summary judgment motion. *See generally Softel, Inc. v. Dragon Med. & Sci. Communs.,* 118 F.3d 955, 961–63 (2d Cir.1997) (discussing factors relevant to decision to preclude evidence).

Equally unavailing is plaintiff's assertion that the district court erroneously awarded Rothschild summary judgment because it credited factual assertions by him that Jonas Bastys was no longer competent to refute. In fact, as the district court's careful and thorough opinion reveals, its award of summary judgment was based on the

plaintiff's failure to adduce admissible evidence in support of its malpractice claim, not on its acceptance of the facts asserted by the defendant.

The judgment of the district court dated September 13, 2004, is hereby AFFIRMED.